IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 05-0252-PHX-NVW |
| Plaintiff/Respondent, | ) | CV 08-0418-PHX-NVW (ECV) |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Jerome Stanley Carlos, | ) | |
| Defendant/Movant. | ) | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Pending before the court are Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 and Movant's Motion for Summary Judgment. Doc. #76, #83.

## BACKGROUND

On September 5, 2006, following a jury trial, Movant was convicted of Assault with a Dangerous Weapon, Assault Resulting in Serious Bodily Injury and two counts of Discharging a Firearm During a Crime of Violence. Doc. #62. He was sentenced to 336 months in prison followed by three years of supervised release. Id. Movant filed a Notice of Appeal on September 7, 2006. Doc. #63. He raised one issue in the direct appeal: whether the District Court erred when it determined that the probative value of gang evidence was not outweighed by unfair prejudice. Doc. #86 at 18-24. On July 30, 2007, the Ninth Circuit Court of Appeals ruled that the gang evidence was properly admitted and affirmed the judgement of the District Court. United States v. Carlos, 243 Fed.Appx. 290, 2007 WL

2165510 (9th Cir. 2007). Movant did not file a petition for writ of certiorari to the U.S. Supreme Court.

On February 29, 2008, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (hereafter "petition") in this court. Doc. #76. He alleges four grounds for relief in the petition: (1) that his lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment when he contradicted Movant's alibi defense by stating in open court that Movant was present at the scene of the crime. He further contends that his lawyer provided ineffective assistance when he failed to object to the prosecution's evidence of past crimes; (2) that the District Court violated the Double Jeopardy Clause by twice relying on the same factor to enhance Movant's sentence; (3) that the prosecutor committed misconduct when he presented evidence of past crimes even though Movant was not convicted of such crimes; and (4) that his sentence is invalid because Congress violated the Separation of Powers Clause when it delegated authority to the United States Sentencing Commission to create the United States Sentencing Guidelines.

The Government filed a Response to Defendant's Motion to Vacate on April 1, 2008. Doc. #78. On April 23, 2008, Movant filed a Motion for Summary Judgment and Response to Government's Response. Doc. #83. The Government filed a Response to Defendant's Motion for Summary Judgment on April 24, 2008, in which it contends that a summary judgment motion is procedurally improper given Movant's pending petition. Doc. #82. Movant has not filed a reply in support of his summary judgment motion. Finally, on January 27, 2009, at the court's direction, the Government filed a Supplemental Exhibit containing a copy of Movant's Opening Brief submitted on direct appeal before the Ninth Circuit. Doc. #86.

## DISCUSSION

The Government argues in its response that grounds two, three and four are procedurally defaulted because Movant failed to raise them on direct appeal. Regarding the

1  ineffective assistance claims in ground one, the Government contends that they should be

2  denied on the merits.

3  **A.    Procedural Default**

4          A motion to vacate under Section 2255 cannot serve as a substitute for a direct appeal.

5  Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Frady, 456 U.S. 152,

6  165 (1982).  "Section 2255 . . . is not designed to provide criminal defendants multiple

7  opportunities to challenge their sentence." United States v. Johnson, 988 F.2d 941, 945 (9th

8  Cir. 1993).  "Where a defendant has procedurally defaulted a claim by failing to raise it on

9  direct review, the claim may be raised in habeas only if the defendant can first demonstrate

10  either 'cause' and actual 'prejudice,'[citations omitted], or that he is 'actually innocent,'

11  [citations omitted]." Bousley, 523 U.S. at 622; United States v. Braswell, 501 F.3d 1147,

12  1149-50 (same); Johnson, 988 F.2d at 945.  In Bousley, the Supreme Court applied the

13  procedural bar to a Section 2255 proceeding. Bousely, 523 U.S. at 621.

14          The only claim Movant raised in his direct appeal was that the District Court erred by

15  admitting gang evidence.  Grounds two, three and four of the petition were not raised in the

16  direct appeal.[1]  Thus, unless Movant can demonstrate cause and actual prejudice or that he

17  is actually innocent, the claims in grounds two through four are precluded.

18          In the petition, Movant concedes that he did not raise ground two, three or four in the

19  direct appeal.  Doc. #76 at 7-10.  When asked to explain why for each ground, Movant

20  answered, "Counsel was Ineffective." Id.  He presents no further explanation in the petition

21  or the attachment.  In his reply, Movant claims that he has clearly established that the "cause"

22  for the default was ineffective assistance of counsel. Doc. #83 at 5.  He further contends that

23  the resulting prejudice was that no plea agreement was offered and that he was convicted in

24  violation of the Double Jeopardy Clause and the Separation of Powers Clause.

25

26          [1] Ineffective assistance claims are generally inappropriate on direct appeal and should
27  be raised in collateral proceedings.  United States v. McKenna, 327 F.3d 830, 845 (9th Cir.
    2003).  Accordingly, Movant's ineffective assistance claims in ground one will be decided
28  on the merits.

1      To demonstrate cause for procedural default, a prisoner must show "that some

2  objective factor external to the defense" impeded his ability to comply with the procedural

3  rule. <u>Murray v. Carrier</u>, 477 U.S. 478, 489 (1986).  Ineffective assistance of counsel may

4  constitute cause for procedural default. <u>Id.</u>; <u>United States v. Skurdal</u>, 341 F.3d 921, 925-26

5  (9th Cir. 2003).

6      Movant alleges two instances of ineffective assistance of counsel in his petition.[2]

7  Neither of them, however, involve his lawyers alleged failure to raise grounds two, three and

8  four in the direct appeal.  Thus, they do nothing to establish cause for Movant's failure to

9  raise the claims on direct appeal.  Moreover, Movant's three-word explanation in grounds

10  two, three and four for why he failed to raise the claims on direct appeal is insufficient to

11  establish cause and prejudice.  Movant simply says "Counsel was Ineffective" but provides

12  no other facts or argument to show that the failure to raise these claims on direct appeal was

13  the result of ineffective assistance of counsel.  Having failed to establish cause and prejudice

14  or actual innocence as a basis to overcome the procedural default, the court will recommend

15  that grounds two, three and four be denied.

16  **B.      Ground One**

17      In ground one of the petition, Movant presents two claims of ineffective assistance of

18  counsel.  He first contends that his lawyer provided ineffective assistance when he stated in

19  open court that the victim and the defendant had a conversation during the commission of the

20  crime.  Movant claims that this statement undermined his alibi defense.  Second, Movant

21  contends that his lawyer failed to object when the prosecutor elicited evidence of prior drug

22  use.

23      The two-prong test for establishing ineffective assistance of counsel was established

24  by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To prevail on an

25  ineffective assistance claim, a convicted defendant must show:  (1) that counsel's

26

27      [2] He alleges them as independent grounds for relief, not for the purpose of showing

cause for the procedural default.  In an abundance of caution, however, the court has

28  reviewed them to determine if they could possibly show cause for the default.

representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.

Movant's first claim of ineffective assistance is without merit. During the first day of trial, before jury selection began, Movant's counsel provided the District Judge with a very brief summary of the case. Doc. #68-2 at 14. He stated that "someone goes into the back of the house, pulls a shotgun out, shoots the window, goes in." Id. He then said, "There's some conversation between defendant and victim." Id. He went on to say that the victim is shot and that the "suspect" leaves the house. Id.

Movant contends that counsel's statement regarding a conversation between "defendant and victim" undermined his alibi defense. He argues that counsel was then in the position of arguing that his client was not at the scene after having already told the court that the defendant and victim had a conversation during the commission of the crime. As the Government argues in their response, counsel's inadvertent reference to the defendant could not have resulted in any prejudice because the jury had not yet been selected. Moreover, it is clear that counsel was referring to "defendant" in a generic sense, given that he first identified the same person as "someone" and then the "suspect." Movant has failed to establish either prong of the Strickland standard and the court will recommend that this claim be denied.

In his second claim of ineffective assistance, Movant contends that his lawyer failed to object to the prosecution's presentation of "past-crime evidence." Doc. #76 at 16. He claims that because it was never established that Movant was guilty of any past crime, the introduction of such evidence violated the Due Process Clause. Id. Movant further claims

that had this evidence not been introduced, the jury would likely have reached a different verdict. Id.

Movant's citation to the record to show the introduction of this evidence appears to be incorrect. Movant cites the November 1, 2005, transcript at page 14 and page 41. Neither of these citations shows the introduction of prior crime evidence. Movant may have intended to cite the November 2, 2005, transcript at page 41. That page shows testimony from the shooting victim about how he met Movant back in 2000 when Movant and other gang members were "hanging out drinking and doing drugs." Doc. #69 at 41-42.

Regardless of whether this is the testimony Movant is relying on to support his claim, he has failed to establish a valid claim of ineffective assistance of counsel. Movant presents nothing to show that a prosecutor is prohibited from eliciting testimony about prior criminal activity unless he can prove the defendant was convicted for such activity. Nor is the court aware of any such rule. Movant has not presented a valid reason to show his lawyer should have objected to the testimony. Moreover, he provides no facts to support a finding of prejudice. His contention that the verdict would likely have been different if this evidence had been excluded is unconvincing. The court will therefore recommend that this claim be denied.

**C.    Conclusion**

Having determined that grounds two, three and four are procedurally defaulted and that the ineffective assistance of counsel claims in ground one are without merit, the court will recommend that the petition be denied.

**D.    Motion for Summary Judgment**

The court will further recommend that Movant's Motion for Summary Judgment be denied as moot. The court has addressed the claims raised by Movant in his petition and a motion for summary judgment on those claims is unnecessary and procedurally improper.

**IT IS THEREFORE RECOMMENDED:**

That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #76) be **denied**; and

That Movant's Motion for Summary Judgment (Doc. #83) be **denied as moot**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 30th day of January, 2009.

Edward C. Voss
United States Magistrate Judge